| Fill in this information to identify your case: | |
| --- | --- |

| | | | **For amended plans only:** |
| --- | --- | --- | --- |

☐ Check if this amended plan is filed prior to any confirmation hearing.

☑ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial.

List the sections which have been changed by this amended plan:

3.2 _____

_____

| Debtor 1 | **Joshua** | **H** | **Anderson** |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Eastern District of Texas** | |
| Case number (if known) | **25-60636** | | |

## TXEB Local Form 3015-a

## CHAPTER 13 PLAN

Adopted: Dec 2017

| Part 1: | Notices |
| --- | --- |

**To Debtor[1]:**  This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules,  **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

***The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.***

| 1.1 | **A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor.** | ☐ Included | ☑ Not Included |
| --- | --- | --- | --- |
| 1.2 | **Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan.** | ☐ Included | ☑ Not Included |
| 1.3 | **Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan.** | ☐ Included | ☑ Not Included |

---

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor __Anderson, Joshua H_____          Case number __25-60636_____

| 1.4 | Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not Included |
|-----|-----------------------------------------------|-----------|----------------|

**Part 2:** Plan Payments and Length of Plan

**2.1**  **The applicable commitment period for the Debtor is ____36____ months.**

**2.2**  **Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

_____

[2] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐  **Constant Payments:**   The Debtor will pay _____ per month for _____ months.

☑  **Variable Payments:**   The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3**  **Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner:

[*Check one*]

☐  Debtor will make payments pursuant to a wage withholding order directed to an employer.

☑  Debtor will make electronic payments through the Trustee's authorized online payment system.

☐  Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

☐  Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4**  **Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

(1)  supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

(2)  remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

Debtor **Anderson, Joshua H**                    Case number **25-60636**

---

**2.5    Additional payments.**

*[Check one]*

☑    **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

---

**2.6    Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$560,900.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the " **Plan Base**."

---

**Part 3:**  Treatment of Secured Claims

---

**3.1    Post-Petition Home Mortgage Payments.** *[Check one]*

☐    **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 and § 3.2 need not be completed.*

☑    **Home Mortgage Maturing Before or During Plan Term.** *If "Mortgage Maturing" is checked, the claim will be addressed in § 3.4. The remainder of § 3.1 and § 3.2 need not be completed.*

☑    **Direct Home Mortgage Payments by Debtor Required.**

On the Petition Date, the Debtor owed the following claims secured only by a security interest in real property that is the Debtor's principal residence. The listed monthly payment amount is correct as of the Petition Date. Such mortgage claims (other than related Cure Claims addressed in § 3.2), shall be paid directly by the Debtor in accordance with the pre-petition contract, including any rate changes or other modifications required by such documents and noticed in conformity with any applicable rules, as such payments become due during the Plan Term. The fulfillment of this requirement is critical to the Debtor's reorganization effort.  **Any failure by the Debtor to maintain payments to a mortgage creditor during the Plan Term may preclude confirmation of this Plan and, absent a subsequent surrender of the mortgage premises, may preclude the issuance of any discharge order to the Debtor under § 1328(a).** [3] The Trustee will monitor the Debtor's fulfillment of this direct payment obligation ("DPO").

[3] All statutory references contained in this Plan refer to the Bankruptcy Code, located in Title 11, United States Code.

| Mortgage Lienholder | Property Address | Monthly Payment Amount by Debtor | Due Date of Monthly Payment |
|---|---|---|---|
| **Bobbie Cross** | 108 Lakewood Dr. Longview, TX 75604 | **$1,273.00**<br><br>Amount inc:<br>☐ Tax Escrow<br>☐ Insurance Escrow<br>☐ Other _____ | **1** |

---

**3.2    Curing Defaults and Maintenance of Direct Payment Obligations.** *[Check one]*

☑    **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

---

Debtor  **Anderson, Joshua H**                                Case number  **25-60636**

**3.3**  **Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

☐  **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

☑  **910 Claims.** The claims listed below were either:

(1)  incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2)  incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value,

and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make *pro rata* payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Each 910 Claim constitutes a separate class. Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstated. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|
| **Redrvr Fcu** <br> Collateral Description <br> **2019 Ford F250** | **$484.67** <br><br> Month 1 through **2** | **$40,353.40** | **8.50%** | **$1,520.26** | **$47,481.39** |
| **Redrvr Fcu** <br> Collateral Description <br> **2024 dump trailer** | **$135.00** <br><br> Month 1 through **2** | **$9,464.20** | **8.50%** | **$356.20** | **$11,123.66** |

Debtor **Anderson, Joshua H**                    Case number **25-60636**

| Claimant Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|
| **Red River Employees FCU** <br><br> Collateral Description <br> **2024 Toyota Camry SE** | **$396.88** <br><br> Month 1 through **2** | **$30,919.94** | **8.50%** | **$1,165.90** | **$36,243.47** |
| *Insert additional claims as needed.* | | | | | |

**3.4    Secured Claims Subject to § 506 Bifurcation.**

[*Check one*]

❑    **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

☑    **Claims Subject to Bifurcation.** The secured portion of each claim listed below (a "506 Claim") is equivalent to the lesser of: (1) the value of the claimant's interest in the listed collateral or (2) the allowed amount of the claim. Each listed 506 Claim constitutes a separate class. Each 506 Claim will be paid by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. If a 506 Claim is established as an oversecured claim, its holder is entitled to an additional component of pre-confirmation interest calculated at the contract rate and payable for the period from the Petition Date to the earlier of: (1) the Effective Date of the Plan, or (2) the date upon which the aggregate of such interest, plus the allowed amount of the 910 Claim, exceeds the value of the collateral. Such holder is responsible for establishing the oversecured amount and the applicable contract rate by sufficient evidence that is either satisfactory to the Trustee or otherwise by court order.

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 506 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 506 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 506 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. The Trustee shall apply adequate protection payments first to accrued interest, if applicable, and then to principal. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make *pro rata* payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Unless the Debtor invokes § 3.10 of this Plan to obtain a final valuation determination at the confirmation hearing regarding any listed 506 Claim, or an agreement with the holder of any listed 506 Claim regarding the value of its collateral is otherwise incorporated into the confirmation order, the value of collateral securing each 506 Claim is not finally determined upon the confirmation of this Plan. Upon confirmation of this Plan, however, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected Collateral Value of each 506 Claim as listed below until such time as the allowed amount of each such 506 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, or the subsequent entry of an order granting a separate motion for valuation of collateral pursuant to § 506 and Bankruptcy Rule 3012, shall control over any projected Collateral Value amount listed below.

Debtor **Anderson, Joshua H**                    Case number **25-60636**

If the automatic stay is terminated as to the property securing a 506 Claim at any time during the Plan Term, the next distribution by the Trustee on such 506 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 506 Claim and regular distributions on that 506 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 506 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant<br>Collateral Description | Adequate Protection Payment | Total Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| **Phil Rogers**<br>**Collateral Description**<br>**home & lot**<br>1406 Silverfalls Rd. Longview, TX 75604 | | $33,236.47 | $235,000.00 | 8.50% | $1,252.19 | $39,363.84 |
| **Peoples Funeral Home**<br>**Collateral Description**<br>**home & lot**<br>1406 Silverfalls Rd. Longview, TX 75604 | | $150,000.00 | $235,000.00 | 8.50% | $7,601.30 | $170,912.84 |

*Insert additional claims as needed.*

**3.5    Direct Payment of Secured Claims Not in Default.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6    Surrender of Property.** [*Check one*]

☑    **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7    Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

Debtor **Anderson, Joshua H**                                    Case number **25-60636**

---

**3.8    Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

---

**3.9    Lien Avoidance.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

---

**3.10    Rule 3012 Valuation of Collateral.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

---

**3.11    Lien Removal Based Upon Unsecured Status.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

---

**Part 4:**  Treatment of Administrative Expenses, DSO Claims and Other Priority Claims

---

**4.1    General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

---

**4.2    Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

---

Debtor **Anderson, Joshua H**                          Case number **25-60636**

---

**4.3   Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is _____**$5,000.00**_____. The amount of _____**$4,152.00**_____ was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1):** If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application:** If attorney's fees are determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

---

**4.4   Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

☑ **DSO.** The allowed priority claims listed below are based on an accrued domestic support obligation.

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| **Attorney General/Child Support Division** | **$23,435.63** | **$717.90** |
| **Attorney General of Texas** | **$8,569.30** | **$262.56** |
| *Insert additional claims as needed.* | | |

---

**4.5   Priority Claims: DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

---

**4.6   Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*]

☐ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

☑ **Other Priority Claims.**

---

Debtor **Anderson, Joshua H**                    Case number **25-60636**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| **Pine Tree ISD** | $4,184.12<br><br>☑ Texas ad valorem tax claim entitled to 12% annual interest and disbursement priority as a secured claim under § 3.4 of the Plan. | **$172.59** |

*Insert additional claims as needed.*

**Part 5:** Treatment of Nonpriority Unsecured Claims

**5.1**    **Specially Classed Unsecured Claims.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2**    **General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☑ **100% + Interest at** __5.00%__ ;

☐ **100% + Interest at** _____ **with no future modifications to treatment under this subsection;**

☐ ***Pro Rata* Share:** of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3**    **Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately __$724,963.53__. Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

**Part 6:** Executory Contracts and Unexpired Leases

**6.1**    **General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan. All other executory contracts and unexpired leases of the Debtor are **REJECTED**.

[*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

**Part 7:** Vesting of Property of the Estate

**7.1**    Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

Debtor **Anderson, Joshua H**                                      Case number **25-60636**

| Part 8: | Nonstandard Plan Provisions |
|---------|------------------------------|

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in § 1.4 of this Plan.***

| Part 9: | Miscellaneous Provisions |
|---------|---------------------------|

**9.1**    **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**    **Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt;  **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

**9.3**    **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

Debtor **Anderson, Joshua H**                    Case number **25-60636**

---

| Part 10: | Signatures |
|---|---|

**X** _____ /s/ William H. Lively, Jr _____            Date _____ **01/14/2026** _____
**Signature of Attorney for Debtor(s)**


**X** /s/ Joshua H Anderson _____            Date _____ **01/14/2026** _____
Joshua H Anderson


**X** _____            Date _____
**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**


*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

---

| Part 11: | Certificate of Service to Matrix as Currently Constituted by the Court |
|---|---|

I hereby certify that the above and foregoing document was served upon all of the parities as listed on the attached master mailing (matrix) as constituted by the Court on the date of service either by mailing a copy of same to them via first class mail and/or electronic notification on _____ **01/14/2026** _____.

X _____ /s/ William H. Lively, Jr _____
**Signature of Attorney for Debtor(s)**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

IN RE: **Anderson, Joshua H**                                         CASE NO 25-60636

                    *Debtor(s)*                                         CHAPTER 13

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | Payment | Month / Due Date | Payment | Month / Due Date | Payment |
|---|---|---|---|---|---|
| 1  11/1/2025 | $4,000.00 | 21  7/1/2027 | $9,700.00 | 41  3/1/2029 | $9,700.00 |
| 2  12/1/2025 | $4,000.00 | 22  8/1/2027 | $9,700.00 | 42  4/1/2029 | $9,700.00 |
| 3  1/1/2026 | $9,700.00 | 23  9/1/2027 | $9,700.00 | 43  5/1/2029 | $9,700.00 |
| 4  2/1/2026 | $9,700.00 | 24  10/1/2027 | $9,700.00 | 44  6/1/2029 | $9,700.00 |
| 5  3/1/2026 | $9,700.00 | 25  11/1/2027 | $9,700.00 | 45  7/1/2029 | $9,700.00 |
| 6  4/1/2026 | $9,700.00 | 26  12/1/2027 | $9,700.00 | 46  8/1/2029 | $9,700.00 |
| 7  5/1/2026 | $9,700.00 | 27  1/1/2028 | $9,700.00 | 47  9/1/2029 | $9,700.00 |
| 8  6/1/2026 | $9,700.00 | 28  2/1/2028 | $9,700.00 | 48  10/1/2029 | $9,700.00 |
| 9  7/1/2026 | $9,700.00 | 29  3/1/2028 | $9,700.00 | 49  11/1/2029 | $9,700.00 |
| 10  8/1/2026 | $9,700.00 | 30  4/1/2028 | $9,700.00 | 50  12/1/2029 | $9,700.00 |
| 11  9/1/2026 | $9,700.00 | 31  5/1/2028 | $9,700.00 | 51  1/1/2030 | $9,700.00 |
| 12  10/1/2026 | $9,700.00 | 32  6/1/2028 | $9,700.00 | 52  2/1/2030 | $9,700.00 |
| 13  11/1/2026 | $9,700.00 | 33  7/1/2028 | $9,700.00 | 53  3/1/2030 | $9,700.00 |
| 14  12/1/2026 | $9,700.00 | 34  8/1/2028 | $9,700.00 | 54  4/1/2030 | $9,700.00 |
| 15  1/1/2027 | $9,700.00 | 35  9/1/2028 | $9,700.00 | 55  5/1/2030 | $9,700.00 |
| 16  2/1/2027 | $9,700.00 | 36  10/1/2028 | $9,700.00 | 56  6/1/2030 | $9,700.00 |
| 17  3/1/2027 | $9,700.00 | 37  11/1/2028 | $9,700.00 | 57  7/1/2030 | $9,700.00 |
| 18  4/1/2027 | $9,700.00 | 38  12/1/2028 | $9,700.00 | 58  8/1/2030 | $9,700.00 |
| 19  5/1/2027 | $9,700.00 | 39  1/1/2029 | $9,700.00 | 59  9/1/2030 | $9,700.00 |
| 20  6/1/2027 | $9,700.00 | 40  2/1/2029 | $9,700.00 |  |  |

Label Matrix for local noticing
0540-6
Case 25-60636
Eastern District of Texas
Tyler
Wed Jan 14 14:54:19 CST 2026

AcceptanceNOW
Attn: Bankruptcy
5501 Headquarters Drive
Plano, TX 75024-5837

Joshua H Anderson
108 Lakewood Dr.
Longview, TX 75604-1402

Attorney General/Child Support Division
Attn: Mario Sanchez, AAG
6161 Savoy, Suite 320
Houston, TX 77036-3337

Bo Rogers
1504 Colony Circle
Longview, TX 75604-4454

c/o Glen Patrick Bobby Cross Independent Exe
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

(p)STROMBERG STOCK
ATTN BRETT FIELD
8350 N CENTRAL EXPY
STE 1225
DALLAS TX 75206-1600

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Charles Lauffer
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779

Chase Card Services
PO Box 15298
Wilmington, DE 19850-5298

Chase Palmer
301 N Wellington
Marshall, TX 75670-3335

Citibank
PO BOX 790040
St. Louis, MO 63179-0040

Denise Patrick
PO Box 938
Lindale, TX 75771-0938

Lisa L. Evans
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, TX 75219-3959

Glen Patrick
PO Box 938
Lindale, TX 75771-0938

Gregg County
Linebarger Goggan Blair & Sampson, LLP
C/O Lisa Large Evans
3500 Maple Avenue
Suite 800
DALLAS, TX 75219-3959

Gregg County
Linebarger Goggan Blair & Sampson, LLP
c/o Lisa Large Evans
3500 Maple Avenue Suite 800
Dallas, Texas 75219-3959

Gregg County
c/o Linebarger et al
3500 Maple Ave. Ste. 800
Dallas, TX 75219-3959

Intercoastal Financial Llc
7954 Transit Rd #136X
Williamsville, NY 14221-4117

Internal Revenue Service
P.O. Box 7346
Philadelphia PA  19101-7346

Julie Anne Parsons
PO Box 1269
Round Rock, TX 78680-1269

Kimberly Walsh
PO Box 12548
Austin, TX 78711-2548

Lloyd Kraus
Plaza Tower
110 N. College Ave., 12th Floor
Tyler, TX 75702-7226

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Charles E. Lauffer Jr.
Ritcheson, Lauffer & Vincent, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779

Law Office of Richard H. Hughes
3535-C S. Broadway
Tyler, TX 75701-8740

Lisa Evans
500 Maple Ave., Suite 800
Dallas, TX 75219

William H. Lively Jr.
WHL, PLLC
432 S. Bonner Ave.
Tyler, TX 75702-8033

Metacorp, LLC
C/O Weinstein & Riley, P.S.
749 GATEWAY, SUITE G-601
ABILENE, TX 79602-1196

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Office of the Attorney General
Child Support Division, Region 5
3250 Robertson Road Ste. 501
Tyler, TX 75701-2513

Origin Bank
Stromberg Stock
8350 N. Central Expressway
Suite 1225
Dallas, TX 75206-1600

Origin Bank
c/o Stromberg Stock, PLLC
8350 N. Central Expressway, Suite 1225
Dallas TX 75206-1600

Julie Anne Parsons
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680-1269

Glen E. Patrick
Patrick Law Offices
PO Box 938
Lindale, TX 75771-0938

Peoples Funeral Home, LLC
c/o Charles E. Lauffer, Jr.
1301 W. Grand Avenue
Marshall, TX 75670-3073

Peoples Funeral Home, LLC
c/o Charles E. Lauffer, Jr.
821 ESE Loop 323, Suite 530
Tyler, TX 75701-9779

Phil Rogers
13455 S. Hillcreek
Whitehouse TX 75791-5340

Pine Tree ISD
c/o McCreary, Veselka, Bragg & Allen PC
140 E. Tyler Street Suite 280
Longview, TX 75601-7241

Pine Tree ISD
McCreary, Veselka, Bragg & Allen, P.C.
c/o Julie Anne Parsons
P.O. Box 1269
Round Rock, TX 78680-1269

Red River Employees Federal Credit Union
P O OBX 5909
Texarkana, TX 75505-5909

Redrvr Fcu
Pob 5909
Texarkana, TX 75505-5909

Robert McGinnis
4102 Summerhill Rd.
Texarkana, TX 75503-2732

SWC Group
4120 International Parkway #100
Carrollton, TX 75007-1957

Santander Bank, N.A.; as
servicer for Santander Consumer USA Inc.
1601 Elm St., Ste. 800
Dallas, TX 75201-7260

Standing Chapter 13 Trustee
110 N. College 12th Floor
Tyler, TX 75702-7242

Texas Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin, TX 78711-2548

Texas Comptroller of Public Accounts
c/o Office of the Attorney General
PO BOX 12548
Austin, TX 78711-2548

Texas Workforce Commision
Room 556
101 E. 15th Street
Austin, TX 78778-0001

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney
110 N College 700
Tyler, TX 75702-0204

United States Trustee's Office
110 North College Suite 300
Tyler, TX 75702-7231

Verizon
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Brett Field
8350 N Central Expy., Suite 1225
Dallas, TX 75206

(d)Brett Field
Stromberg Stock
8350 N Central Expy
Ste 1225
Dallas, TX 75206

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Joshua H Anderson | (d)Peoples Funeral Home. LLC | End of Label Matrix |
| 108 Lakewood Dr. | c/o Charles E. Lauffer, Jr. | Mailable recipients    53 |
| Longview, TX 75604-1402 | 821 ESE Loop 323, Suite 530 | Bypassed recipients     2 |
| | Tyler, TX 75701-9779 | Total                  55 |